A. W. STENNETT ET UX. V. JOHN P. PFEIFFER ET AL.

No. 6545. Decided June 24, 1933.

(62 S. W., 2d Series, 652.)

*R. G. Harris,* of San Antonio, for plaintiffs.

*John P. Pfeiffer,* of San Antonio, for defendants.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on certified question under the provisions of Senate Bill No. 173, enacted by the Forty-third Legislature (Acts 1933, ch. 71), which purports to confer authority on District Courts to certify constitutional questions to Courts of Civil Appeals, and thence to the Supreme Court.

The certificate shows the status of the proceedings out of which it issued. The plaintiffs, Stennett and wife, instituted suit May 1, 1933, to restrain a trustee's sale of real estate, advertised to be held on Tuesday, May 2, 1933, under a certain deed of trust. The averments of the defendants' answer show that on May 28, 1930, plaintiffs, Stennett and wife, executed and delivered to the defendant Security Title & Trust Company a promissory note for $1,400.00, bearing interest at the rate of eight per cent per annum, the whole payable in installments of $20.00 per month; the entire unpaid balance, however, to be

due and payable five years after date. This note was secured by deed of trust executed in favor of the Trust Company on certain property located in San Antonio, Texas, with John P. Pfeiffer as trustee. The note contained the usual clauses accelerating the due date on failure to pay principal and interest when due. It also contained a somewhat similar clause with reference to a failure to keep the improvements insured and failure to keep the taxes paid. The plaintiffs, Stennett and wife, defaulted in payment of the note and also in the payment of taxes. By reason of the defaults, the principal, the Security Title & Trust Company, exercised its option to declare, and did declare, all installments of the note, etc., due, and requested the trustee to make sale under the deed of trust as therein provided. In proper manner the trustee caused the sale to be advertised for May 2, 1933. On May 1, 1933, as stated above, Stennett and wife filed a petition in accordance with the conditions and requirements of House Bill No. 231 enacted by the Forty-third Legislature, known as the Judicial Stay or Moratorium Act, which became effective May 1, 1933. In this petition they alleged substantially the facts heretofore stated, and then made allegations consistent with the requirements of the Moratorium Act, and prayed for the judicial stay of the sale under the deed of trust for a period of six months. The District Judge granted the temporary restraining order prayed for, and ordered notices issued to the defendants herein of a hearing on the question as to whether or not the stay of the enforcement of the deed of trust for six months should be granted. Upon a hearing of this question the defendants by their answer attacked the constitutionality of House Bill No. 231 (Acts, 1933, ch. 102), the Moratorium Act, and prayed that the restraining order theretofore issued be set aside and said House Bill No. 231 be declared void. The trial judge being in doubt as to the constitutionality of the Act, in the state of the case before him certified to the Court of Civil Appeals the question as to the validity of said House Bill No. 231.

It will be observed from the foregoing statement that the District Court has not entered any judgment or decree from which an appeal has been taken to the Court of Civil Appeals. A restraining order had been issued, and the case was apparently in progress of being heard for the purpose of determining whether or not an injunctive or stay order should issue, but the court, being in doubt as to the validity of the Act under which the right of stay was claimed, has suspended the proceed-

ings and certified the validity of the Act in question to the Court of Civil Appeals.

It is obvious from this state of the record that the Court of Civil Appeals has no jurisdiction of the question certified, and that this Court is likewise without jurisdiction. Morrow v. Corbin, 122 Texas, 553, 62 S. W. (2d) 641; Republic v. Laughlin, Dallam's Decisions, 412; Nash & Mabbit v. Republic, Dallam's Decisions, 631. In the case of Morrow v. Corbin, this day decided, we have held unconstitutional and void Senate Bill No. 173 enacted by the Forty-third Legislature, in so far as the same is applicable to the facts in this case. On the authority of that case and the authorities cited, we have no jurisdiction of the certificate before us, and it is our duty under Rule 17, Rules of the Supreme Court, to dismiss the same. The certificate to the Court of Civil Appeals before us in the instant case is accordingly dismissed.